Henry J. Donnell
vs.
The Blackstone Valley Gas and Electric Company ⎱ Law No. 92872.

March 6, 1935.

For plaintiff: Morris Berick.

For defendant: Joseph E. Fitzpatrick, Newton.

Catherine Donnell
vs.
The Blackstone Valley Gas and Electric Company ⎱ Law No. 92873.

March 6, 1935.

CURRAN, J. Heard on defendant's motion for a new trial after verdict for plaintiff for $2500.

The motion was supported in argument by the claim that the verdict was against the law, the evidence and the weight of the evidence, and that the verdict is for an excessive amount.

First, on the question of defendant's negligence:

The testimony coming from witnesses for the defense indicated that in this latitude it is common practice to lay gas pipes about 36 inches below the surface of the ground. Whether this pipe was, in fact, this distance below the surface was in dispute on the evidence. Witnesses for the plaintiff testified that it was at a depth of about 22 or 24 inches below the surface. Patt, a witness for the defence, testified that he measured its depth and that it was about 40 inches below the surface.

The records of the defendant relating to the repairing of the pipe were read at the trial and one of those records stated that the depth of the pipe under the ground was not measured. This was a fair item for consideration by the jury in considering the evidence of Patt.

It seems to the Court that whether the pipe was at one or the other depth was a fair question for the jury, and apparently the jury agreed with the witnesses for the plaintiff. This Court thinks this justifies a finding that the pipe was not laid at a proper depth. It was also in evidence that this pipe was repaired twice in 1918, and that three or four months before the break through which the plaintiff was injured, complaint was made to defendant that there was a leak at this location. All this evidence combined justifies a finding of negligence in the defendant.

There remains the question of the contributory negligence of the plaintiff. The plaintiff was injured in her own home. It is not to be expected that she would leave her home, especially in such weather as then prevailed—the temperature being in the neighborhood of zero—without grave cause. The Court instructed the jury carefully on this point. The jury undoubtedly took

that into consideration in fixing the damages. We cannot say the plaintiff was guilty of contributory negligence, or even that the evidence preponderates in favor of such a finding.

With respect to the damages which the plaintiff suffered, there was a sharp difference of opinion between the medical experts. If the testimony of the plaintiff's physician is to be believed, and the Court sees no reason why it should not in view of the fact that the jury, apparently, did believe it, this injury brought on dangerously high blood pressure from which the plaintiff still suffers and will continue to suffer. The verdict is moderate.

The motion for a new trial is denied.